No. 23-50856

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Michael Cargill,
                              Plaintiff-Appellant,

v.

Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Detelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,
                              Defendants-Appellees.

**On Appeal from the U.S. District Court
for the Western District of Texas,
No. 1-19-cv-349, Honorable David A. Ezra**

**APPELLANT'S OPPOSITION TO THE MOTION
TO PLACE APPEAL IN ABEYANCE**

Appellant Michael Cargill opposes Appellees' motion to place this appeal in abeyance pending the Supreme Court's decision in *Garland v. Cargill*, No. 22-976. The issues raised by this appeal are wholly collateral to those raised in the Supreme Court case.

The Supreme Court is reviewing this Court's *en banc* decision that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) violated the

Administrative Procedure Act (APA) when it adopted a final rule banning possession of bump stocks. Although this Court remanded the case to the district court with directions that Cargill be granted appropriate relief, the district court entered a judgment that effectively denied Cargill any relief. Cargill is appealing from that denial.

The scope of the remedy to which Cargill is entitled is not at issue before the Supreme Court. If the Supreme Court rules in Cargill's favor on the merits of his claims, it will still be left to this Court to decide what relief to grant to Cargill. Appellees have presented no good reason why briefing on remedy issues should not proceed. Appellees failed to seek a stay of this Court's mandate while they sought Supreme Court review—meaning that this Court's judgment is fully effective. By permitting the briefing to proceed on schedule, the Court will ensure that the remedy issues will be ripe for oral argument and decision once the Supreme Court issues its decision this Spring.

## STATEMENT OF THE CASE

Appellee ATF issued a rule declaring that bump stocks are "machineguns" under federal law and thus are subject to the federal ban on sale and possession of machineguns. *See* ATF, *Bump-Stock-Type Devices*, 83 Fed. Reg. 66,514, 66,514 (Dec. 26, 2018) ("Final Rule"). In response to Cargill's challenge to the Final

Rule, this Court held that non-mechanical bump stocks are not "machineguns" as defined by 26 U.S.C. § 5845(b) and thus that ATF exceeded its statutory authority in issuing the Final Rule. *Cargill v. Garland*, 57 F.4th 447, 472-73 (5th Cir. 2023) (*en banc*). The Court remanded the case to the district court to "enter judgment for [Appellant Michael] Cargill and *determine what remedy—injunctive, declarative or otherwise—is appropriate to effectuate that judgment*." *Id.* at 472 (emphasis added). The Court issued its mandate the following month; at no time did Appellees seek to stay issuance of the mandate.

In defiance of the Court's directive, the district court gave no consideration to providing Cargill a remedy. Instead, a week after this Court issued its mandate, the district court *sua sponte* issued an order (the "Order") stating, "In accordance with the Fifth Circuit's opinion, the Court hereby **ORDERS** the Clerk to **ENTER JUDGMENT** for Plaintiff. Thereafter, the Court **ORDERS** that this case be **CLOSED**." In compliance with the Order, the Clerk entered judgment on March 6, 2023.

In response, Cargill filed a Rule 60 motion for relief from judgment. The motion requested relief in the form of an order specifying the precise nature of the declaratory and injunctive relief awarded to him by the judgment, relief to which this Court held he was entitled. Appellees thereafter asked the district court to hold

3

the Rule 60 motion in abeyance pending *completion* of appellate proceedings—that is, until after the Supreme Court completed all review of this Court's *en banc* decision. The district court granted a stay over Cargill's opposition.

On November 3, 2023, the Supreme Court granted review in *Garland v. Cargill*, No. 22-976. On November 6, 2023, counsel for Appellees notified the district court of the grant but said nothing to suggest that the court should lift its stay on the pending motion prior to the Supreme Court's final disposition of the case. The very next day, the district court issued an order denying Cargill's Rule 60 motion—relief that Appellees never requested. The court provided no explanation for its *sua sponte* order, other than to state that the motion was "subject to refiling ... if necessary, after the Supreme Court issues its ruling in this case."

Cargill was severely prejudiced by the district court's unexplained refusal to grant him relief and its unexplained denial of his Rule 60 motion. On November 21, 2023, he filed a notice of appeal from the district court's entry of judgment and its denial of the motion. Had Cargill not filed an immediate appeal, he would have lost any opportunity to appeal from the March 6, 2023 judgment. Moreover, any renewed Rule 60 motion in the district court would be untimely if filed later than March 6, 2024 (one year after the entry of judgment), yet the Supreme Court has

not yet even set an argument date and will not issue its ruling until well after March 6.

## ARGUMENT

The Court should deny Appellees' request that this appeal be held in abeyance pending the Supreme Court's ruling in *Garland v. Cargill*. Appellees have provided no cogent argument explaining why a stay is warranted.

1. At issue in this appeal is whether the district court erred when it entered a judgment that denied Cargill any relief, despite this Court's holding that ATF acted in excess of its statutory authority when it issued the Final Rule and that Cargill was injured thereby. In the absence of relief, Cargill continues to suffer injury.

For example, under the terms of the Final Rule, Cargill was required to surrender to ATF the two bump stocks he lawfully purchased before adoption of the Final Rule. At the time of surrender, ATF promised to return his bump stocks should Cargill prevail in this suit. In light of this Court's holding that the Final Rule is unlawful, Cargill is entitled to an injunction requiring ATF to return his property. Cargill is appealing the district court's failure to provide him that relief. Cargill will continue to incur injury by being denied access to his property throughout the period of delay that will ensue if the Court grants Appellees' motion to hold the appeal in abeyance.

Moreover, the continued absence of relief prevents Cargill from selling bump stocks. Cargill is a Federal Firearms Licensed dealer (FFL) who is licensed to sell a wide variety of weapons. He owns and operates Central Texas Gun Works, a thriving business in Austin, Texas that sells firearms and offers courses on their safe handling. In light of this Court's determination that non-mechanical bump stocks are not "machinegun(s)," he intends once again to offer them for sale. But such sales remain impracticable in the absence of injunctive relief barring Appellees from bringing criminal charges against prospective purchasers of non-mechanical bump stocks. Injunctive relief of that nature is warranted, given ATF's continued assertion that possession of a bump stock is a felony punishable by up to ten years' imprisonment. Granting Appellees' motion will further delay Cargill's ability to market a product whose sale, this Court has determined, does not violate federal law.

2. The issues raised by this appeal are wholly collateral to those before the Supreme Court. This appeal asks the Court to consider whether the district court improperly denied Cargill the relief promised to him by this Court's judgment. The only issue before the Supreme Court is whether a bump stock-equipped semi-automatic weapon is a "machinegun" as defined by 26 U.S.C. § 5845(b). Because there is no overlap between the two sets of issues, no purpose would be served by

delaying the briefing schedule; it is highly unlikely that the Supreme Court's opinion will say anything that is relevant to remedy and that thus might prompt the parties to revise previously filed briefs.

The Supreme Court is likely to hear oral argument in late February and issue its decision this Spring—and in no event later than the end of June. If the parties file their Fifth Circuit briefs this Winter and Spring, the case will be ready for this Court's consideration of remedial issues just about the time the Supreme Court rules on the merits.

Even if the Supreme Court reverses this Court's *en banc* determination, no judicial resources would be expended unnecessarily. If the Supreme Court upholds the Final Rule, the Court can dismiss this appeal without scheduling oral argument. Any "injury" to Appellees if a stay is denied would be minimal: the cost of preparing an additional brief. But if Appellees had wanted to avoid those costs, they should have moved to stay issuance of this Court's mandate—a step they failed to take.

Of course, if the Supreme Court affirms this Court's ruling, Appellees will have suffered no injury whatsoever if briefing of this appeal proceeds without delay. Moreover, maintaining the briefing schedule will facilitate quicker resolution of the appeal.

3. Permitting the appeal to proceed expeditiously is particularly appropriate in light of the district judge's post-remand conduct. There are few apparent good-faith explanations for the judge's entry of an empty judgment and his *sua sponte* denial of the Rule 60 motion "without prejudice"—actions that not only deprive Cargill of any relief but also threaten to deprive him of the right to appeal the denial.[1]

It is possible that the district judge, despite 35 years of judicial experience, was unaware of the impact that a denial of the Rule 60 motion "without prejudice" could have on Cargill down the road. But whether the predicament that the district

---

[1] The court's "without prejudice" language conveys the suggestion that proceedings should remain stayed in the district court until the Supreme Court issues its decision this Spring. But Cargill's deadline for appealing from the district court's judgment is January 6, 2024, 60 days after denial of Cargill's Rule 60 motion. Fed.R.App.P. 4(a)(1)(b) and 4(a)(4)(A)(vi). Thus, were Cargill to follow the district court's suggestion, he would forfeit his right to appeal the judgment.

Moreover, the district court's statement that Cargill could file a second Rule 60 motion following the conclusion of Supreme Court proceedings rings hollow. Supreme Court proceedings will not conclude until more than one year after the March 6, 2023 entry of judgment. A motion for relief from judgment of the type open to Cargill—a motion under Rule 60(b)(1), (2), or (3)—must be filed "no more than a year after the entry of the judgment." Fed.R.Civ.P. 60(c)(1). Thus, despite the district court's "without prejudice" language, no second Rule 60 motion could be entertained if filed after March 6, 2024. The Rule 60(b) one-year time limit "is jurisdictional and cannot be extended." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006); *accord, Mendez v. Davis*, No. 4:19-cv-458-A, 2020 WL 8881542 at *1 (N.D. Tex. May 6, 2020).

court created for Cargill was deliberate and connived or accidental and negligent, the point remains that had Cargill failed to immediately appeal the district court's judgment and subsequent denial of the Rule 60 motion, he could have been left without a remedy upon remand from a U.S. Supreme Court victory. It is therefore incumbent on this Court to act quickly and decisively to put an end to such activities and to consider whether it is appropriate to direct the assignment of this case to a new district judge on remand, or direct the district court to provide specific relief.

                                                        Respectfully submitted,

                                                        <u>/s/ Richard A. Samp</u>
                                                        Richard A. Samp
                                                        Sheng Li
                                                       Mark Chenoweth
                                                        NEW CIVIL LIBERTIES ALLIANCE
                                                        1225 19th Street NW, Suite 450
                                                        Washington, DC 20036
                                                        202-869-5210
                                                        rich.samp@ncla.legal

December 19, 2023                            Counsel for Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2023, I electronically filed the foregoing opposition brief with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    /s/ Richard A. Samp
Richard A. Samp