IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| MICHAEL CARGILL,<br><br>Appellant,<br><br>v.<br><br>MERRICK B. GARLAND, et al.<br><br>Appellees. | No. 23-50856 |

**COMBINED STATEMENTS REGARDING
HOW CASE SHOULD PROCEED**

The parties respectfully submit these combined statements of position about how this appeal should proceed in light of the Supreme Court's decision in *Garland v. Cargill*, No. 22-976.

1. This case arises from a challenge brought by plaintiff Michael Cargill to a 2018 rule concluding that firearms accessories known as "bump stocks" are machineguns under Federal law. The district court initially entered judgment in favor of the government. This Court sitting en banc reversed, holding that such devices are not machineguns. *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc).

2. After this Court issued its mandate following the en banc proceeding, the district court entered judgment for Cargill but did not specify particular relief. Dkt. No. 65 (ROA.647). Cargill then filed a motion under Federal Rule of Civil Procedure 60 (or, alternatively, Rule 59(e)), asking the district court to amend the judgment to

include the relief needed (in Cargill's view) to redress Cargill's injuries. Dkt. No. 68 (ROA.651-662). The district court stayed briefing on that motion while the Supreme Court considered the government's petition for writ of certiorari from this Court's en banc decision. Dkt. No. 75 (ROA.693-699). After the Supreme Court granted the petition, the district court denied Cargill's motion without prejudice and "subject to refiling . . . if necessary, after the Supreme Court enters its ruling in this case." Dkt. No. 78 at 1-2 (ROA.705-706). Cargill appealed, and his notice of appeal names both the judgment in his favor and the district court's order denying his motion. Dkt. No. 79 (ROA.707).

3. On June 14, 2024, the Supreme Court issued its opinion in *Cargill*, holding that the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) "exceeded its statutory authority by issuing a Rule that classifies bump stocks as machineguns." Op. 6. A copy of the Supreme Court's opinion is attached.

4. The parties have conferred and agree that in light of *Cargill* the appropriate course in this case is for this Court to vacate the district court's denial of Cargill's Rule 59/60 motion and remand for the district court to consider alterations to the judgment or other relief in light of the Supreme Court's decision.

5. To avoid further litigation regarding the scope of relief, and to prevent the district court from once again entering a "judgment" for Cargill that awards him no relief, Cargill further requests that the Court direct the district court to issue the following relief on remand: (1) vacatur of the Final Rule issued by ATF and published

at 83 Fed. Reg. 66,514; (2) an injunction requiring ATF to return Cargill's non-mechanical bump stocks that ATF had ordered him to surrender; and (3) a declaratory judgment that Cargill's non-mechanical bump stocks are not "machineguns" within the meaning of 26 U.S.C. § 5845(b) and that Cargill's possession of those bump stocks does not violate 18 U.S.C. § 922(o)(1). *See* Dkt. No. 68 (ROA.651-662).

6. In the government's view, the Court should follow the ordinary course of remanding for further proceedings without instructions or directions. The district court has already indicated that it would consider Cargill's requests after the Supreme Court's ruling, ROA.705-706, and Cargill provides no basis to doubt the district court's statement. And while the government agrees that Cargill is entitled to relief—and is willing to work with Cargill to propose a mutually agreeable judgment to the district court—there is no basis at this stage for this Court to direct the various forms of relief Cargill identifies above. For example, the government has already informed Cargill that his bump stocks are available for pickup at the Austin ATF field office and has provided him with contact information for an ATF agent there with whom Cargill can arrange pickup. It is thus entirely unclear why Cargill would need an injunction directing return of those devices, much less why this Court would direct the district court to enter an injunction when Cargill may have already received his bump stocks by the time the district court acts. Those questions—and others related to the propriety of vacatur or other forms of relief—can properly be addressed by the district court in the first instance.

                                           Respectfully submitted,

/s/ *Sheng Li*                    MARK B. STERN
Sheng Li
New Civil Liberties Alliance     /s/ *Brad Hinshelwood*
1225 19th Street NW, Suite 450   BRAD HINSHELWOOD
Washington, DC 20036            (202) 514-7823
202-869-5210                        Attorneys, Appellate Staff
sheng.li@ncla.legal                 Civil Division
                                             U.S. Department of Justice
                                             950 Pennsylvania Ave., N.W.
                                             Room 7256
                                             Washington, D.C. 20530

JUNE 2024

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 702 words. This document was prepared using Microsoft Word 2013 in Garamond, 14-point font, a proportionally-spaced typeface.

/s/ *Brad Hinshelwood*
Brad Hinshelwood